Howard A. Zeller, J.
Defendant, Don Owen Pontiac, Inc., moves to dismiss the complaint in this action upon the ground it fails to state a cause of action against said corporate defendant.
On May 7, 1966 plaintiff’s intestate, Bernard J. Forse, was a passenger in a 1965 MG auto being operated by defendant William P. Metzar. It was registered in New York State to defendant John Metzar and owned by him. The Metzar vehicle collided with an auto owned and operated by defendant Donald L. Turner. As a result of the collision, passenger Forse was injured and shortly thereafter died. This action is for wrongful death and conscious pain and suffering.
The complaint alleges that on March 22, 1965 defendant corporation sold a 1965 MG auto which had been manufactured or assembled after June 30, 1964; that neither then nor on the date of the accident was it equipped with front seat safety belts or anchorage units for the installation of such belts. Apparently the auto was sold to one Cummings who, in March, 1966, sold it to defendant John Metzar.
The complaint further alleges the MG auto was sold by the corporate defendant contrary to subdivision (a) of section 383 of the Vehicle and Traffic Law as it was neither equipped with sufficient anchorage units for attaching front seat safety-belts nor equipped with front seat safety belts. The complaint also alleges that the injuries and resulting death of plaintiff’s intestate were caused by the negligence of the two operators “ concurring with the violation of defendants Metzar and Don Owen Pontiac, Inc. of their statutory duty ”.
*249 Subdivision (a) of section 383 of the Vehicle and Traffic Law reads in part, ‘ ‘ Every motor vehicle registered in this state and manufactured or assembled after June thirtieth, nineteen hundred sixty-two, shall be equipped with sufficient anchorage units at the attachment points for attaching at least two sets of safety seat belts for the front seat of the motor vehicle. * * * Every motor vehicle registered in this state and manufactured or assembled after June thirtieth, nineteen hundred sixty-four and designated as a 1965 or later model, shall be equipped with at least two sets of seat safety belts for the front seat of the motor vehicle.”
Plaintiff claims subdivision (a) of section 383 placed a statutory duty upon Don Owen Pontiac, Inc., an authorized seller of MG vehicles, to have had the 1965 MG equipped with anchorage units and safety seat belts. He further argues that the corporate defendant violated such duty and that such violation constituted negligence.
I do not interpret subdivision (a) of section 383 as placing the duty upon the seller of this 1965 auto to have had it equipped with anchorage units and safety seat belts.
When the Legislature by section 383 intended to place a duty upon a seller or dealer it has plainly said so. Subdivision (c) of section 383 expressly makes it unlawful to sell any safety seat belt unless certain performance specifications are met. (L. 1962, ch. 758.) And subdivision (i) expressly prohibits a person, firm or corporation engaged in the business of selling used motor vehicles from selling certain models unless equipped with two sets of safety seat belts for the front seat. (L. 1965, ch. 184.)
Section 383 of the Vehicle and Traffic Law was enacted in 1961. (L. 1961, ch. 579.) Since then the Legislature has changed parts of it and added to it over a dozen times. But the Legislature has not inserted the word “ seller ” or “ sale ” in subdivision (a).
Subdivision (a) of section 383 refers to 1965 or later motor vehicles “ registered in this state” and “manufactured or assembled ”. It makes no reference to the sale of such vehicles. Had the Legislature intended to place upon the seller of new 1965 or later model vehicles some duty in connection with anchorage units and safety seat belts it would have so stated.
The motion should be granted.